1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    DERLYN RAY THREATS,                    Case No.  15-cv-02284-JCS (PR)
              Plaintiff,

8                                            **ORDER RE:  DIRECTIONS TO
         v.                                  PLAINTIFF;**

9
     P. BURTON, et al.,                      **VACATING BRIEFING SCHEDULE**

10            Defendants.                     Dkt. No. 11

11

12

13          Two of the three defendants named in this action, Reynolds and Williams, remain

14   unserved, their summons having been returned as unexecuted.  (Docket No. 9.)  San

15   Quentin authorities state that no one named Reynolds works for the prison, and that there

16   are many persons named Williams who work there.  (*Id.*)

17          Plaintiff is directed to comply with the following.  He must provide the Court with a

18   current address for Reynolds and Williams's first name so that the complaint can be served

19   on them.  In cases where the plaintiff proceeds in forma pauperis, the "officers of the court

20   shall issue and serve all process."  28 U.S.C. § 1915(d).  The Court must appoint the

21   Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the

22   Court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415,

23   1422 (9th Cir. 1994).  Although a plaintiff who is incarcerated and proceeding in forma

24   pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do

25   nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request

26   service upon the appropriate defendant and attempt to remedy any apparent defects of

27   which [he] has knowledge."  *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

28          Here, plaintiff's complaint has been pending for over 120 days, and, consequently,

United States District Court
Northern District of California

1    absent a showing of "good cause," is subject to dismissal without prejudice as to the

2    unserved defendants, Reynolds and Williams.  *See* Fed. R. Civ. P. 4(m).  Because plaintiff

3    has not provided sufficient information to allow the Marshal to locate and serve these

4    defendants, plaintiff must remedy the situation or face dismissal of his claims against

5    them.  *See Walker*, 14 F.3d at 1421–22 (holding prisoner failed to show cause why prison

6    official should not be dismissed under Rule 4(m) where prisoner failed to show he had

7    provided Marshal with sufficient information to effectuate service).

8         Accordingly, plaintiff must either himself serve the unserved defendants with the

9    summons and complaint, or provide the Court with the information described above so that

10   the Marshal is able to serve such defendants.  **If plaintiff fails to effectuate service, or to**

11   **provide the Court with an accurate current location or other information for the**

12   **defendants on or before February 22, 2016, plaintiff's claims against the unserved**

13   **defendants will be dismissed without prejudice pursuant to Rule 4(m) of the Federal**

14   **Rules of Civil Procedure.**

15        The current briefing schedule, which directed that defendants file a dispositive

16   motion by December 28, 2015, is VACATED.  Defendant Burton's motion for an

17   extension of time to file such a motion (Docket No. 11) is DENIED as moot.  When the

18   other two defendants have been served, or when the claims against them have been

19   dismissed, the Court will set a new briefing schedule.

20        The Clerk shall terminate Docket No. 11.

21        **IT IS SO ORDERED.**

22   **Dated:**  January 5, 2016

23                                                                          _____

                                                                            JOSEPH C. SPERO

24                                                                          Chief Magistrate Judge

25

26

27

28

United States District Court
Northern District of California

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DERLYN RAY THREATS,

                    Plaintiff,

          v.

P. BURTON, et al.,

                    Defendants.

Case No.  15-cv-02284-JCS

**CERTIFICATE OF SERVICE**

          I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.

District Court, Northern District of California.

          That on January 5, 2016, I SERVED a true and correct copy(ies) of the attached, by

placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery

receptacle located in the Clerk's office.

Derlyn Ray Threats ID: AE-5305
California State Prison-San Quentin
San Quentin, CA 94974

Dated: January 5, 2016

                                             Susan Y. Soong
                                             Clerk, United States District Court

                                             By:_____

                                             3

Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California